UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS MARSH,

        Petitioner,

  v.                                                          5:92-CR-342-006(HGM)

UNITED STATES OF AMERICA,

        Respondent,
_____

APPEARANCES:                                      OF COUNSEL:

THOMAS MARSH
23698-077
Petitioner, *pro se*
FCI Victorville
PO Box 5300
Adelanto, CA 92301

GLENN T. SUDDABY                          GREGORY A. WEST
United States Attorney                       Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton St.
Syracuse, NY 13261-7198

HON. HOWARD G. MUNSON, SR. J.
_____

MEMORANDUM DECISION AND ORDER

       Movant, Thomas Marsh, convicted of narcotics offenses following a trial in 1993, has filed three motions addressed to his sentence. The first on October 7, 2003, is a motion for relief of judgment of sentence pursuant to Rule 60(b), or to modify his sentence pursuant to 18 U.S.C.

§3582(c)(1)(B) ("October motion") at Dkt. 477, filed by the court on February 20, 2004; the second on August 19, 2004, is a supplemental motion setting forth events which have happened since the date of the pleading sought to be supplemented pursuant to Rule 15(d) Fed.R.Civ.P. ("August motion"); and, the third on March 11, 2005, is a motion to void his judgment, or for any other reason justifying relief from the operation of the judgment pursuant to Rule 60(b)(4 & 6) ("March motion"). Marsh's conviction was affirmed on appeal in 1998, and his first petition for a writ of *habeas corpus* was denied in 1999.

Marsh's October motion is, in effect, a second petition for a writ of *habeas corpus*. The motion is addressed to the sentence imposed on him, and is not addressed to his first petition for a writ of habeas corpus which claimed ineffective assistance of counsel. Neither Rule 60(b) nor 18 U.S.C. § 3582(c)(1)(B), are appropriate vehicles for attacking a sentence and this motion is denied. Gitten v. United States, 311 F.3d 529, 533-34 (2d Cir.2002); United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005).

Marsh's August 2004 motion supplements his October 2003 motion. Rule 15(d) Federal Rules of Civil Procedure governing amendments to pleadings, applies to Movant's motion to amend his pending post conviction motion. Nunez v. United States, 892 F. Supp. 528, 531 (S.D.N.Y. 1995). However, since this motion seeks to amend Marsh's already denied October motion, the supplemental motion is also denied.

Marsh's 2005 motion, brought pursuant to Rule 60(b) (4, 6) Fed.R.Civ.P., is also denied, because, as indicated *supra*, his attack upon the sentence he received is "beyond the scope of Rule 60(b)." Gitten, 311 F.3d at 534.

Accordingly, Movant's three motions made pursuant to Rule 60(b), 18 U.S.C. §3582(c)(1)(B) and Rule 15(d) are **DENIED.**

**IT IS SO ORDERED**

Dated:  May 15,  2007
        Syracuse, New York

_____
Howard G. Munson
Senior  U.S. District Judge